I'll say. All right, we'll hear first, and there we go, we'll hear first from Mr. Light. Good morning, Your Honor, and may it please the Court. My name is Greg Weiss. I'm the appellant. I was also the plaintiff below, and I was the attorney representing a consumer in the debt collection lawsuit that gave rise to this litigation. I'm asking that this Court reverse the District Court's dismissal of my FDCPA and FDCPA claims and remand for further proceedings. The District Court dismissed my complaint because it concluded I was injuriously exposed to the debt collection conduct, and this was error. The FDCPA doesn't limit relief under the provisions just to debtors, and Congress used expansive any-person language to allow— Can we talk a little bit about—it seems to me that there's two different standing issues here, and maybe the District Court conflated the standing, but there's statutory standing and there's Article III standing. Can you talk to me a little bit about Article III standing? How do you have Article III standing? So Judge Lugo, I have Article III standing because of the allegations of the complaint that show a personal injury that I incurred as a result of the debt collection conduct in the underlying litigation. This isn't just a— What is the injury? I had reputational harms that occurred, additional work, loss of time, the embarrassment, humiliation, everything that the debt collectors that LVMV and their counsel did reflected poorly on me both to— Is there causation since it appears from looking at the minute order that LVMV made the court aware that you had agreed to a settlement and the court still thought that you needed to be present even though LVMV made the court aware of the settlement? That's what it looks like in the minute order. That wasn't what was communicated to me by LVMV's counsel. When they responded to my inquiry about why a default was entered, they responded by saying that they had instructed their coverage counsel to inform the court that—to continue pending a settlement but— Okay, but if you look at the minute order, it seems pretty clear that the court was aware that there was a settlement that had been reached. I don't think that that's necessarily true just based on the generic language that could The court entered a default notwithstanding our request to continue pending settlement. It was that their coverage counsel doesn't always listen to the instructions that they give them and a default was entered. But more importantly, what happened next is where the violation occurs because what LVMV's counsel told me was that they were going to have the default set aside, that there was going to be— Yeah, but I think the thrust of the argument, again, when we're talking about Article III standing, is there a real case in controversy in this court? You've got to show one, actual injury, real, direct, immediate, concrete injury, not hypothetical. Two, you've got to show some kind of causation, we call it traceability. And three, you've got to show the court's ability to redress. I'd like to go back to Judge Lagoa's question at the outset. What injury did you sustain that was actual and concrete? You assert at a pretty high order of abstraction in paragraph 78 of your amended complaint that there was damage to your professional reputation. That could state a real and concrete injury. The problem is there's not the slightest substance that's added to what was stated so generally and abstractly. How is your professional reputation harmed? Did you lose clients? Did you lose income? Were you sanctioned by the trial court? I can't find any of that in the complaint. I can't find any of that in the record. What am I missing? Where is there a showing that you sustained actual, concrete injury to your professional reputation? Judge Marcus, what makes this case a little different than most debt collection cases that I represent people in is my relationship with the client. What I allege in the complaint is that Mr. Rodriguez, my client, was a personal acquaintance of mine. He was referred to me by my mother. He came to me not because he found me on Google and was looking for someone to handle this kind of case. It was because we had a relationship before this. Bad things do happen during litigation, but with this particular client, it goes further than that. It reflects poorly on me, not just to him, and having to have that conversation where you say, well ... So a professional reputation boiled down here to the fact that your client was unhappy with you? It's not that he was unhappy with me. It's that I was forced to have a conversation with him about why a default judgment ... But I guess one of my concerns with this case is that litigation can be unpleasant. So why is this any different than any conversation that any lawyer has to have with a client when you receive an opinion or an order that goes against your client? I mean, that's an unpleasant conversation at times, correct? Yes, it is. And the majority of cases don't involve debt collection. There isn't ... I understand, but the majority of cases involve a winner and a loser. And so there's always going to be an unpleasant conversation with a client. That's correct. And there ... But this is ... That's why the question that I asked in the beginning, what is your Article 3 standing? Because I will say that under Milojevic, you probably, and I speak for myself only, you probably do have statutory standing. The question for me, though, is your Article 3 standing. And that's why I keep asking, if you had been sanctioned, personally sanctioned, then perhaps we could then say that you did have a concrete injury. So other than reputational harm or having to have an unpleasant conversation with a client, what other allegations do you make? I do allege in the complaint that I spent hours having to prepare a motion to vacate the final judgment and then set it for an evidentiary hearing. Wouldn't that have been utterly avoided if you had simply shown up to the pretrial conference the trial judge had set? Probably, yes. And it would have been avoided if ... And weren't you required to be there under the rules of that court? The judge didn't give you any dispensation not to show up for a pretrial conference, did he? At the time that the pretrial conference occurred, the case was settled. No, it wasn't. It hadn't been consummated and filed where the court had it. I thought the settlement was along the way, it was on that continuum from an agreement to getting the papers signed to getting the papers filed. But they hadn't been filed with the court. So weren't you obliged to be there? There had been a settlement, Judge Marcus, and there was a representation to me that ... There was a representation that their client agreed in principle and they were getting the papers signed. Isn't that an accurate way to state what happened? That is correct. Well, let me ask you this. Were you not obliged to appear in court when the trial court said, we're going to have an early pretrial conference in this case? The small claims pretrial conference, the summons does say that if you don't appear that a default could be entered against you. Right. And wasn't there a local rule that also said that the only way out was if all of the parties represented by an attorney all agreed to waive personal appearance in writing and submitted it to the court in advance. If you had done that, then you would not have had to appear, but that wasn't done. I'm just trying to find out whether or not beyond the issue of actual injury to go back to Judge Rosenbaum's question, whether there is any traceability here. But if you were there, this problem would not have occurred. That would be a fair statement, wouldn't it? That's fair. And then, but the violation is not just the initial entry of the default. It's the filing of the motion for entry of default final judgment. Seeing as your time is almost up, I want to ask you about the other issue here. Sometimes it's been referred to, although I guess it's not in vogue anymore, the zone of interest problem. To me, I actually do think you have a problem in that respect because it seems to me in reviewing the statute itself, and particularly the section called Congressional Findings and Declaration of Purpose, that it's clear that the intent here was to protect consumers and those who stand in their shoes. A lawyer in this situation does not seem to me to stand in the shoes of the consumer. Even with Milkovich, I don't see, to me that one seems distinguishable because there, even though an attorney's actions were at issue, the person who was bringing the claim was the consumer. And here, you're the person, the attorney, bringing the claim. So just before you sit down, I just want to give you a chance to explain to me why you think that's wrong. Well, I think allowing non-consumers to bring claims for their own individual harms serves a consumer protection purpose. The fact that I'm here bringing a case in my own capacity is a cautionary warning to debt collectors that, as Congress said, anybody that they interact with, they have to treat fairly when they're in connection with the collection of a debt. It's not just the consumers. It can be their family. It can be anyone who's harmed. Right. But I think the thrust of the question is if you look at the text of the statute, a harm has to flow from and be in connection with the collection of a debt. It strikes me that the harm here flowed from, in your view, shabby litigation practice by the lawyer on the other side. That was the cause of the harm. It didn't arise out of and it wasn't in connection with the collection of the debt. Have I misapprehended what happened here? The most important thing that I feel like we haven't discussed is the motion for the entry of the default final judgment. The entry of the default does not mean that there's going to be a judgment entered. And when they filed the motion for entry... No, but the thrust of my question is let's assume, for your purposes, that they treated you shabbily, that this was bad litigation practice, and you might have even been able to seek a sanction against them in the trial court. But you're claiming that you have a cause of action arising out of the harm in connection with the collection of a debt. And the problem I'm having is I don't see how this harm had anything to do with the collection of a debt other than that you were the lawyer representing an aggrieved client in connection with the debt collection activity. It could have been an antitrust suit. It could have been anything. It was just shabby litigation practice that caused the harm that you are speaking to. What am I missing here? It's the filing of the motion for default judgment. That's the attempt to collect the debt. And it's those representations that are made by the filing of that, and they're representations to me that induced me not to take any action to oppose it, that make it in connection with the collection of a debt. And once we've established that it's a violation of the prohibition of the statute, and you go over to the remedy, which is really where there's more of a question, is that violation with respect to me? And the answer is yes. What Mildred and Bishop, they deal with is when you have communications or attempts to collect a debt that are directed towards an attorney, it does violate that statute or that portion of the statute. And the next step in that inquiry is, well, is that violation that's communicated to an attorney with respect to that person? Yes, it is. Let me ask one quick final question. Could you have sought sanctions against the lawyer in front of the trial court? After all, they said that they would file a motion to vacate, and quite the contrary, they filed a motion for final default judgment. Pretty shabby if that's what happened here. You could have gone to the district, the trial court, and said, they should be sanctioned for what they did here. Maybe I should have shown up, but the cause of my harm went far beyond my failure to appear. I don't believe that I would have been able to file a motion in my personal capacity, and then once they filed a voluntary dismissal, the court lost jurisdiction to do anything. So it's not something that I could have done in my own right. It would have been Mr. Rodriguez. Thank you very much. You've reserved five minutes, and we'll hear next from Ms. Burnett. Good morning. Lauren Marshall Burnett from the law firm of Messer Strickler Burnett in Jacksonville, and I represent the Appelese here. I'm going to try to answer the questions that were posed about Article III standing, statutory standing, and traceability in the best order I can, knowing that they all go together. With respect to Article III standing, well, no. You know what? I'm going to back up first and talk about the existence of a real case or controversy. There was a real case or controversy here. The problem is that it belongs to the consumer in terms of a cause of action and not to Mr. Light. And if we accept everything that was alleged as true, that there was shoddy lawyering in the debt collection action, that representations were made that were not followed through upon, that's frustrating. That happens to every single litigator in every single subject matter. But the individual holding the cause of action under the FDCPA for that conduct is the consumer because it was the consumer who had been sued to collect a debt. It was the consumer who was subject to protracted litigation that he did not expect. And even if you look at the complaint, the allegation is that all this was done to induce payment from the consumer, not from Mr. Light, and not to bother Mr. Light or make his life miserable, but to induce payment from the consumer. No one is here to justify or explain away the procedural happenings in the underlying debt collection action. I want to make that very clear. But when things like this happen, it is the consumer who holds the cause of action. This is just another way of saying the complaint fails to state a claim under 12b-6. He had no cause of action, right? Yes. Did the trial court, did the district court in this case, Judge Singal, rule on the merits? No. Or did he dispose of the case on the grounds that there was no standing under Article III? Neither. Or did he do both? Well, I don't think that he disposed of the case on the merits. I think that he, on the, I don't want to call them merits, but on the facts as pled, he found that Mr. Light did not have statutory standing to proceed. And he also suggests that he does not have Article III standing either. And so he, it's, sometimes it's difficult to rule on things like standing. Well, he does say, in the legal profession, a claim of stress and mental anguish by a lawyer on a side that didn't have the case go smoothly does not equate to Article III standing. I read that to be ruling on Article III, but it's clear that he conflated it with what they used to call statutory standing. I don't know. And so what I want to know is, was this a merits determination by the district court, or did he dispose of it on the grounds that he did not have the power to adjudicate it in the first place? It was not a merits determination. It was a subject matter jurisdiction determination. And I think that the clearest hallmark that that is the case is that this was dismissed without prejudice, not with prejudice, which is what district courts do. So the central question, we could never get to the merits question unless we had the power to adjudicate. That's correct. He said professional harm is sufficiently concrete and immediate enough to establish for purposes of Article III a concrete injury. And he asserts professional embarrassment, reputational harm in the complaint. Tell me why that is not enough to state Article III injury in fact. Well, I think the best way to put it is that is part and parcel of an attorney's job. I don't know necessarily that including the phrase professional harm fleshes out that injury enough in order for a district court to look at it and determine whether or not that suffices for a concrete harm. But every litigator who is in court every day has things turn out the way that they did not expect. And when that happens, when we are forced to do extra work, and I should not use the word forced because this is my job, when I have to do extra work because a case has not gone as I anticipated it would, that comes with the job that I do. It does not create this new pathway to a cause of action simply because my opposing counsel happens to be a debt collector under the statute. And so I don't think if this were a defamation claim or some type of claim. You could seek sanctions. That as well. I think it's worth. So he could have gone in before the trial court and said these folks acted dishonorably. They asserted the case was settled. They said they would let the court know. The false judgment was entered. They promised to move to vacate the default judgment. And in fact, they did quite the opposite. They sought final default judgment. Could he have sought sanctions against LNV or counsel before the trial court for this? I think he could have sought sanctions against. So that would have been where his remedy would lie. That would be one remedy, Your Honor. I think he have another one. He does. Maybe not one at the bar. That's what I was going to say. The state of Florida, the Supreme Court of Florida is who regulates the practice of law. The FDCPA is the Fair Debt Collection Practices Act. It is not meant to regulate the conduct of attorneys generally. And so there were options for Mr. Light to bring this conduct to the judge's attention, to the state's attention, perhaps to the chief judge's attention. You know, there are different ways. But the Fair Debt Collection Practices Act is not the vehicle for his grievance. Even if there is a concrete injury, the FDCPA and Florida's analog, the FCCPA, is not the appropriate vehicle to do that. There's been a lot of reference to the FDCPA's use of any person. My humble opinion is that the FDCPA isn't the best written statute that's out there. And it gets interpreted a lot of different ways that not everybody agrees with. But I think it's important to look at where that any person comes from. Because it comes from the statute's liability provision. And that provision does not say who can sue under the FDCPA. It says who might be held liable under the FDCPA. And so what 1692K says is that if a debt collector, in connection with the collection of a debt, violates any provision of the statute, then regardless of who that person is, then that person can potentially, or the debt collector can be liable to that person. But it is the person who is the target or the subject of the unwanted debt collection conduct. Everybody agrees that non-consumers can bring FDCPA claims. People who are not the debtor but receive repeated telephone calls from a debt collector, despite asking them to stop, despite the debt collector knowing that this is not the consumer they're trying to reach. That consumer is not a debtor as defined by the statute. But they are alleged to be a debtor. And that is enough to give them relief under the FDCPA. In this instance, Mr. Light was acting as counsel for that person. The consumer had a beautiful cause of action under the FDCPA for this final judgment. It was, you know, again, taking the underlying procedure as it's been alleged in the first amended complaint, that should not have happened. And the Supreme Court has held that litigation conduct can give rise to FDCPA claims. But again, it's not as to the counsel representing the consumer. It is as to the consumer. Well, I guess my question is, are you suggesting that a lawyer can never bring a claim or just this particular lawyer with this set of facts? Is your question whether a lawyer can bring a claim under the FDCPA? Yes, certainly. But the facts have to birth that claim. These facts do not. The lawyer has to be the consumer or the person who has had a debt that's tried to be collected from. The attorney has to be the object of the debt collection. You could. Well, I guess my question is, if you had a lawyer who was representing a consumer and the debt collection agency was harassing the lawyer, then they could file a claim. Yes. It wouldn't be just because it would go to whatever the elements are for purposes of statutory standing. It would go to the harassment at 1692 D. That's right here. There was no conduct directed at Mr. Light. Everything occurred in litigation. It was the parties interacting with each other through their counsel. And so in your Honor's example, that injects a different element that we just don't have alleged here. That there was some, you know, if God forbid one counsel threatened the other or something like that, and it was in connection with the collection of a debt that needs to be. I guess I mean, if it had been that I'm not saying this happened here, but if the default had been entered. Maliciously in order to collect the debt. Then perhaps then there would be a claim that would be stated by the lawyer. No, actually, under that example, I don't think that if the final default judgment were entered or sought maliciously and there were some facts to back that up, I think that cause of action belongs to the consumer because it's part of the litigation process. It's still directed towards the collection of a debt, which was not owed by Mr. Light. It was owed by his client. So there are certainly ways. I mean, under what circumstance would a lawyer representing a client in a debt collection action actually have a cause of action under this statute? It's exactly what I was about to try to come up with an example for. Let's pretend that a consumer's attorney is contacted by a debtor's attorney and threats are made and mentions are made. You know, if you do not do this right now, then I'm going to go to your client's house and I'm going to beat their door down and, you know, do all this kind of stuff. Would that be a more plausible claim for an attorney representing a debtor under the FDCPA? Yes. Is that enough even? I'm not sure. Let's just suppose the debt collection agency and its lawyer threatens and harasses a lawyer representing the plaintiff in the case in a variety of ways. Would that state a claim under this statute? Does that arise out of, is that in connection with the collection of the debt? I hate to answer your question with an it depends. It's not what you have here. I'm just curious. Right. It really turns on on what is said. And I know how frustrating it is to keep splitting hairs. But this is what FDCPA litigation has kind of become this, you know, universe where we have to determine what is and is not in connection with the collection of the debt. The only if the only relationship between attorney or excuse me, if the only thing said between counsel relate to litigation, relate to the collection of debt from counsel's client, it's in connection with the collection of a debt. But he is not the object of that. OK, let me ask you a slightly different question. Sure. He said he was aggrieved. Which he stated at a very high order of abstraction. But he said he was aggrieved particularly because default judgment had been improvidently entered against his client. You promised or counsel promised to move to vacate. Not only didn't you do that, but you turned around and sought final default judgment. Violated your understanding with him, violated your word to him, and he was aggrieved. Does the record tell us whether there was an explanation for counsel's conduct? No. Only what's in the complaint. And again, this case isn't about whether that conduct was OK or not. I understand. I just wanted to know if I, can I find in this record any explanation? I don't know that you can, your honor. And that leads to a number of sort of black holes that all go to this cause of action not being the appropriate vehicle for Mr. Light to address the grievances that he experienced as part of representing his client. I actually don't know the answer to whether a plaintiff can move to vacate a judgment entered against another defendant. And I truly don't know the answer to that. Your honor pointed out that the minute order says that there was a settlement communicated to the county court judge. But the complaint alleges that the explanation given was, well, our. No, but his point is even assuming arguendo, you said that at the front end. After the fault had been entered, you promised you'd move to vacate, and rather than doing that, you doubled down. Correct. That's what happened. I don't know that the intent is there, but that is procedurally what happened. And again, the consumer, the defendant in the underlying debt collection litigation would certainly have Article III and statutory standing to bring a claim arising out of the representations made by the debt collector to the court that were not true in that final judgment. But Mr. Light does not. And perhaps there's a cause of action out there that could have compensated him for being frustrated, having to do work, missing bedtime with your kids. I think all of us have been there at one point or another. But the FDCPA and the FCCPA are not that vehicle. I'm out of time. If anyone else has any questions, otherwise, we will rest on our briefs. All right. Thank you very much. We'll hear again from Mr. Light. You've reserved five minutes. Just to follow up on Judge Marcus's comment, it wasn't just that they filed a motion for default final judgment. Immediately after they filed that motion, I reached out and said, what's going on? We had a settlement. I've returned the signed settlement agreement from my client. Do we still have a deal? And she said, they were not supposed to do that. I will have it withdrawn. So the judgment wasn't entered immediately. She told me, I was told that they were going to withdraw the motion, that they were going to withdraw the proposed final judgment that was being submitted. And then they didn't do it. In fact, at the time that the judgment was entered, I had received a countersigned settlement from LVNV from their counsel. And so at that point, the only thing that I could do, and remind you, I'm representing a client. Whether my client wants to move for sanctions to get attorney's fees, whether my client— Does the record reflect that you moved to vacate the final default judgment? Yes. We moved to vacate. And did the court vacate it? They did vacate it after we filed it in October or September. We had to wait until January to get an evidentiary hearing. During that entire period, they didn't agree to have the judgment withdrawn. And at the hearing, they opposed it. So it's, yes, did Frank have a cause of action under the FDCPA? Absolutely. But that's not the end of the inquiry. I am also any person, and I was also any person that was affected with respect to this debt. And the fact that Frank did not bring a claim for whatever reason, and, you know, it could have to do with the settlement that he entered into. But it doesn't mean that I, you know, I'm not able to seek recourse for my injuries, which are distinct from him. They're not derivative of what, you know, the aggravation that he had to go through in waiting many months to have this resolved. It's, you know, how this entire ordeal reflected on me and the personal injuries that were caused to me, the inconvenience that was caused to me. And then also the effect that it has on consumers generally. If you have this kind of vexatious litigation happening in small claims court, it discourages attorneys like me from representing people. For a case where they're seeking $1,900, if I have to spend, you know, hours and hours on a motion to vacate a default final judgment, when we had a settlement that both parties, I thought, had agreed resolved this case entirely, attorneys are going to stop representing consumers. And that's why, you know, one of the purposes behind the FDCPA is to encourage consumers to have attorney and representation in these kinds of proceedings to protect them. So I saw in the record, or in the course of reading about things, that the default had been vacated. And I may have just missed it in the record, but is the order in there vacating? No, it is not. And how about with respect to the evidentiary hearing that you referenced? That would have been the order entered after that evidentiary hearing. I believe that we – I do allege the – I allege that we filed the motion to vacate and that there was a specially set evidentiary hearing. And for months thereafter, LVNV and the law firm took no action to have the default set aside or to have the judgment vacated. Yep. But I don't have the order vacating the default final judgment. It's not in the record. As to my Article III standing, though, it's important to point out that my injuries are distinct from Mr. Rodriguez. In a lot of it, again, what makes this case different than most FDCPA cases where cases go wrong or you might have ordinary litigation stress is that personal relationship that I had with Mr. Rodriguez, how he was introduced to me, the different level of responsibility that I felt towards him than I would another client who might not go back to my family members. Can I ask you a question? As I see in the complaint on paragraph 77 that you talk about, the specially set evidentiary hearing on the motion was scheduled. But did you make an allegation that there actually was an evidentiary hearing? I think that a reasonable inference can be drawn from the allegation that there was one set and that they failed to take action for many months afterwards that the evidentiary hearing was held. But I don't see it right now that I've made that specific allegation. Thank you. And so for these reasons, Judge, I'd rest on our briefs and ask that the district court's order dismissing the complaint be reversed. All right. Thank you very much, Mr. Light.